

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00262-CV

**IN THE INTEREST OF I.G.R.**

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2006-EM5-03919
Honorable Cathleen M. Stryker, Judge Presiding

PER CURIAM

Sitting:       Karen Angelini, Justice
                 Sandee Bryan Marion, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  August 13, 2014

DISMISSED FOR LACK OF JURISDICTION

The clerk's record in this appeal has been filed. It shows that on February 28, 2012, Appellant Jennifer E.[1] filed a petition to modify the parent-child relationship. On March 20, 2012, Appellee Enrique R. filed a counterpetition to modify the parent-child relationship. On March 26, 2012, the trial court signed temporary orders. On January 10, 2013, Appellee Mary P., the paternal grandmother, filed a petition in intervention in a suit affecting the parent-child relationship, requesting contact with I.G.R. or in the alternative to be named a possessory conservator. She also filed a motion for additional temporary orders. On February 1, 2013, the trial court signed "Additional Temporary Orders," appointing Mary P. a possessory conservator of I.G.R. On September 27, 2013, Appellant Jennifer E. filed a motion to strike or dismiss Mary P.'s petition in

---

[1] The parties in this SAPCR action will be identified only by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d).

intervention. She also filed a motion to vacate or set aside the trial court's Additional Temporary Orders under the Servicemember's Civil Relief Act. On October 22, 2013, Appellee Mary P. filed a first amended petition in intervention in a suit affecting the parent-child relationship. On November 6, 2013, Appellant Jennifer E. filed a motion for attorney's fees and sanctions. She also filed a petition for writ of mandamus in this court, and on November 20, 2013, we issued an order conditionally granting the petition for writ of mandamus and ordering the trial court to vacate its Additional Temporary Orders. On November 21, 2013, the trial court vacated its Additional Temporary Orders. On November 27, 2013, Appellant Jennifer E. again filed a motion to dismiss petition in intervention, and a motion for sanctions and attorney's fees.

On January 13, 2014, the trial court signed an "Order on Jennifer G. E[.]'s Motion to Strike or Dismiss Petition in Intervention in SAPCR and Motion for Sanctions and Attorney's Fees." The trial court found that Appellee Mary P. did not have standing, granted Appellant Jennifer E.'s motion to dismiss the petition in intervention, and struck Mary P.'s pleadings without prejudice. The trial court also denied Appellant Jennifer E.'s motion for sanctions and attorney's fees. On January 31, 2014, Appellant Jennifer E. filed a "Motion for New Trial on Motion for Sanctions and Attorney's Fees." On March 7, 2014, the trial court signed an order denying the motion for new trial. On March 7, 2014, the trial court signed an "Amended Order on Jennifer G. E[.]'s Motion to Strike or Dismiss Petition in Intervention in SAPCR; and Motion for Sanctions and Attorney's Fees." In this amended order, the trial court again found that Mary P. did not have standing to intervene, granted Jennifer E.'s motion to dismiss, and struck Mary P.'s pleadings. The trial court also again denied Jennifer E.'s motion for sanctions and attorney's fees. On April 17, 2014, Appellant Jennifer E. filed a notice of appeal, stating that she intends to appeal from (1) the January 13, 2014 "Order on Jennifer G. E[.]'s Motion to Strike or Dismiss Petition in Intervention in SAPCR and Motion for Sanctions and Attorney's Fees"; and (2) the March 7, 2013 "Amended

Order on Jennifer G. E[.]'s Motion to Strike or Dismiss Petition in Intervention in SAPCR; and Motion for Sanctions and Attorney's Fees."

Neither of these orders, however, appears to be final as Appellant's Jennifer E[.]'s petition to modify the parent-child relationship has not been disposed of by any ruling. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that a judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court). The orders cited in Jennifer E.'s notice of appeal appear to be interlocutory and not appealable. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We cannot, however, find any statutory authority that allows a party to appeal from an interlocutory order that dismisses a petition in intervention or denies a motion for sanctions and attorney's fees. We, therefore, ordered Appellant Jennifer E. to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. No timely response was filed. We therefore dismiss this appeal for lack of jurisdiction.

PER CURIAM